UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOEWEN CRAFT,

          Plaintiff,

   v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,
et al.,

          Defendants.

CASE NO. 2:16-CV-01550-RJB-DWC

ORDER DENYING MOTION TO APPOINT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff Loewen Craft's second Request for Appointment of Counsel ("Motion"). Dkt. 49.[1]

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

---

[1] The Court denied Plaintiff's first request for Court-appointed counsel on February 23, 2017. *See* Dkt. 13, 14.

U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing she has an insufficient grasp of her case or the legal issues involved and an inadequate ability to articulate the factual basis of her claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion, she states appointed counsel is necessary because she is unable to access a law library due to her health problems. Dkt. 49. She states she contacted an attorney, but he declined to represent her because it would not be convenient. *Id*.

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of her claims in a fashion understandable to the Court or shown she is likely to succeed on the merits of her claims. The Court notes Plaintiff has adequately articulated her claims in the Complaint, and has filed several additional documents, such as a response to an Order to Show Cause and this Motion, which were understandable to the Court. *See e.g.* Dkt. 5, 11, 13, 49. Plaintiff has not shown that her physical illnesses have prevented her from articulating her claims. Further, Plaintiff's "limited access to legal materials [is] not [an] exceptional factor[] constituting exceptional circumstances that warrant the appointment of counsel. Rather, [it is] the type of difficult[y] encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009).

Accordingly, Plaintiff's Motion (Dkt. 49) is denied without prejudice.

Dated this 28th day of June, 2018.

David W. Christel
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 3