UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOEWEN CRAFT,

        Plaintiff,

   v.

WASHINGTON DEPARTMENT OF CORRECTIONS, KAPSCH, HANSON, PENNY H, SANDY, JIVIDEN, TRACY, ANDERSON, MD, PERRY, DANIELS, STOUT, ERICKSON, PAT DOE, PAT DOE, STEVE BAXTER, COLTER, MD, PARNELL, BLANKENSHIP,

        Defendants.

CASE NO. 2:16-CV-01550-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: July 12, 2018

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendants' Motion for Summary Judgment. Dkt. 45.[1]

---

[1] The Motion for Summary Judgment was filed on behalf of all Defendants: Department of Corrections, Sgt. Kapsch, Sgt. Hanson, Nurse Penny H., Nurse Sandy, Jividen, Tracy, Anderson, ADA Amin. Perry, Daniels, Stout, Erickson, On-Call Physician Pat Doe, Grievance Coordinator Pat Doe, Steve Baxter, Colter, Parnell, and Blankenship.

REPORT AND RECOMMENDATION - 1

After considering the Motion and relevant record, the Court finds Plaintiff Loewen Craft's claims are barred by the statute of limitations or fail to state a claim upon which relief can be granted. Therefore, the Court recommends Defendants' Motion (Dkt. 45) be granted and this case be closed.

## I.   Background

In the Complaint, Plaintiff alleges her rights under the Eighth Amendment and Americans with Disabilities Act ("ADA") were violated during her incarceration at Washington Corrections Center for Women ("WCCW"). Dkt. 5. Plaintiff contends she is disabled and confined to a wheelchair. Plaintiff alleges the following four claims in her Complaint:

- Claim 1: Defendants, employees at WCCW, retaliated against her and denied her adequate accommodations for her disability from February 12, 2012 through April 15, 2012. Dkt. 5, p. 6-7.

- Claim 2: Plaintiff fell and broke her pelvis because she was unassisted in the shower on April 15, 2012. Dkt. 5, pp. 10-16. After her fall, Defendants delayed in providing her with proper treatment. *Id*.

- Claim 3: On May 30, 2012, Plaintiff was injured when Defendants did not properly secure Plaintiff's wheelchair during a vehicle transport. Dkt. 5, pp. 16-20. Defendants also did not provide Plaintiff with proper medical care following the accident. *Id*.

- Claim 4: Plaintiff blacked out and was denied medical treatment for an arm injury on October 31, 2013. Dkt. 5, p. 22.

Defendants filed the Motion on June 4, 2018. Dkt. 45. Defendants served Plaintiff with a copy of the Motion, supporting documents, and *Rand* Notice through U.S. Mail on June 4, 2018.

*See* Dkt. 45-48. Plaintiff has not filed a response to the Motion and, on June 26, 2018, Defendants filed a Reply. Dkt. 50.

## II. Standard of Review

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## III. Discussion

Defendants contend they are entitled to summary judgment and dismissal of this lawsuit because (1) Claims 1-3 are barred by the statute of limitations; (2) Claim 4 fails to state a claim upon which relief can be granted; and (3) at to all claims, Plaintiff has failed to state a claim against the Washington State Department of Corrections ("DOC") and Defendants in their official capacity. Dkt. 45.

A. *Statute of Limitations*

  1. Barred Claims

Defendants first maintain Claims 1-3 are barred by the three-year statute of limitations. Dkt. 45. A complaint must be timely filed. Neither the Civil Rights Act, 42 U.S.C. § 1983, nor the ADA contains a statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* RCW 4.16.080(2). The same limitations period also applies in ADA cases. *See Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 n. 2 (9th Cir. 2002) (noting the state law tort claims statute of limitations is applicable to ADA claims); *Fair Housing Council of Oregon v. Cross Water Development, LLC*, 2009 WL 799685, *3 (W.D. Wash. March 24, 2009) (finding the statute of limitations for an ADA claim brought in Washington is three years).

Plaintiff filed this action on October 3, 2016. Dkt. 1, 5. Thus, to be timely filed, all claims in the Complaint must arise from incidents occurring on or after October 3, 2013.

In Claim 1, Plaintiff alleges she was discriminated against and retaliated against because of her disabilities from February 12, 2012 through April 15, 2012. Dkt. 5, pp. 6-10. Plaintiff had actual notice of the facts relating to Claim 1, at the latest, on April 15, 2012. *See id*. Thus, the statute of limitations expired, at the latest, on April 15, 2015 for Claim 1, which was more than 17 months before the Complaint was filed.

In Claim 2, Plaintiff contends she was injured in the shower and denied treatment on April 15, 2012. *Id*. at pp. 10-16. Plaintiff had actual notice of the facts relating to Claim 2 on

1  April 15, 2012. *See id*. As such, the statute of limitations regarding claims arising from the
2  shower incident expired on April 15, 2015, which was more than 17 months before the
3  Complaint was filed.

4  In Claim 3, Plaintiff alleges Defendants violated her constitutional rights when they
5  failed to properly secure her wheelchair in a transport van and denied Plaintiff medical treatment
6  following the accident on May 30, 2012. Dkt. 5, pp. 16-22. Plaintiff had actual notice of the facts
7  relating to Claim 3 on May 30, 2012. *See id*. Thus, the statute of limitations period on Claim 3
8  expired on May 30, 2015, which was 16 months before Plaintiff filed the Complaint.

9  In summation, the statute of limitations period expired as to Claims 1-3 prior to Plaintiff
10 filing the Complaint; therefore, these three claims are time-barred. Unless Plaintiff can show she
11 is entitled to equitable or statutory tolling, Claims 1-3 must be dismissed. *See Harding v.*
12 *Galceran*, 889 F.2d 906, 907 (9th Cir. 1989).

13        2.  Tolling Provisions

14  The Court applies the forum state's law regarding equitable tolling for actions arising
15 under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington State, courts
16 permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998).
17 "The predicates for equitable tolling are bad faith, deception, or false assurances by the
18 defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable
19 tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable
20 neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).
21 Washington State also allows for a tolling period if a person is incompetent or disabled to such a
22 degree that he or she cannot understand the nature of the proceedings. *See* R.C.W. § 4.16.190; *see*
23 *also Williams v. Holevinski*, 2006 WL 2167105, *2 (E.D. Wash. July 31, 2006). "A plaintiff . . .
24

1  carries the burden of proof if she alleges that the statute was tolled and does not bar the claim."
2  *Pope v. McComas*, 2011 WL 1584213, at *7 (W.D. Wash. Mar. 10, 2011), *report and*
3  *recommendation adopted*, 2011 WL 1584200 (W.D. Wash. Apr. 26, 2011).

4       Plaintiff has not filed a response to Defendants' Motion. However, prior to Defendants
5  filing the Motion, the Court ordered Plaintiff to show cause why Claims 1-3 should not be
6  dismissed as barred by the statute of limitations. Dkt. 6. Plaintiff filed a Response to the Order
7  asserting tolling provisions apply because (1) she is disabled; (2) she was unaware of any legal
8  claim; and (3) the statute of limitations as to her medical claims began on the date she knew
9  about the severity of her injuries. Dkt. 11. As Plaintiff is proceeding *pro se*, the Court considers
10 Plaintiff's evidence and assertions that she is entitled to tolling of the limitations period. *See*
11 *Jones*, 393 F.3d at 923.

12      First, Plaintiff contends she is disabled and therefore the statutory tolling provided by
13 RCW § 4.16.190 applies in her case. *See* Dkt. 11. The Washington Supreme Court has held that
14 "RCW 4.16.190 has four factors plaintiffs must satisfy to toll the statute of limitations based upon
15 incompetence or disability. Plaintiffs must show that (1) they are entitled to bring the action, (2)
16 they are incapacitated at the time the cause of action accrues, (3) they are incompetent or disabled
17 to the degree that they cannot understand the nature of the proceedings, and (4) the incompetency
18 or disability exists as 'determined according to chapter 11.88 RCW.'" *Rivas v. Overlake Hosp.*
19 *Medical Center*, 164 Wash.2d 261, 268 (2008).

20      With respect to the fourth factor, the *Rivas* court noted "chapter 11.88 RCW provides the
21 substantive definition of disability or incapacity for the purposes of tolling." *Id.* at 270. Under
22 RCW 11.88.010(1), a person may be deemed incapacitated only when the state superior court
23 determines the individual presents a significant risk of personal harm based upon a demonstrated
24

REPORT AND RECOMMENDATION - 6

1  inability to adequately provide for nutrition, health, housing, or physical safety. The
2  determination of incapacity is a legal, not medical determination. RCW 11.88.010(1)(c). "Age,
3  eccentricity, poverty, or medical diagnoses alone shall not be sufficient to justify a finding of
4  such incapacity." *Id.*

5  Here, Plaintiff states she is physically disabled, receives social security benefits, and had
6  in-home care prior to her incarceration. *Id*. Plaintiff also states her pain and the injuries incurred
7  at WCCW caused cognitive difficulties. *Id*. Undisputed evidence, however, shows Plaintiff has
8  never been declared an incompetent person by a Washington State superior court, been the subject
9  of a guardianship petition in a Washington State superior court, or been appointed a guardian by a
10 Washington State superior court. Dkt. 46, p. 21. As Plaintiff has not presented any evidence
11 establishing a superior court has found her to be incapacitated under RCW 11.88.010, Plaintiff has
12 not shown the statute of limitations should be tolled under RCW 4.16.190. *See Paulson v.*
13 *Snohomish Cty. Wash.*, 2009 WL 2987397, at *5 (W.D. Wash. Sept. 14, 2009) (finding statute of
14 limitations was not tolled under RCW 4.16.190 when the plaintiff did not provide evidence that
15 he had been found incapacitated by a state superior court); *Bowen v. Corp. Prop. Inv'rs*, 85 Wash.
16 App. 1076 (1995) ("the reference in RCW 4.16.190 to chapter 11.88 RCW makes clear that the
17 tolling statute requires that the plaintiff be adjudged legally incompetent before it will apply").

18 Second, Plaintiff contends that she was unaware of any legal claims until she was released
19 from incarceration. Dkt. 11. She also states she is entitled to tolling of the limitations period
20 because she did not understand the legal process. *Id*. The Complaint and Response to the Order
21 show Plaintiff filed medical requests and grievances regarding the allegations contained in the
22 Complaint at the time of the alleged incidents. *See* Dkt. 5, 11. In June and August of 2012, a few
23 months after the alleged constitutional violations occurred, Plaintiff provided authorizations to
24

1  release her medical records to two law offices. Dkt. 46, pp. 21-30. One authorization indicates the

2  reason for the disclosure of records was for investigation and/or case preparation at Plaintiff's

3  request. *See id*. at p. 26. Further, Plaintiff visited the law library at WCCW. *See* Dkt. 11; Dkt. 11-2,

4  Craft Dec., p. 3. Though she states she could not read or type because of her medical conditions

5  and never received assistance from the law librarian, visiting the law library belies her assertions

6  that she was unaware of any legal claims. *See* Dkt. 11; Dkt. 11-2, Craft Dec., p. 3. Additionally,

7  upon her release from WCCW, Plaintiff sought the assistance of several attorneys and even met

8  with one attorney. Dkt. 11-2, Craft Dec., pp. 3-4. The attorney declined to take Plaintiff's case and

9  informed Plaintiff that she had only two weeks to file her claims before the statute of limitations

10  expired. *Id*. at p. 4. Plaintiff's son also testified that he was assisting Plaintiff with her Complaint

11  and incorrectly thought the statute of limitations would run three years from the date Plaintiff was

12  released from custody. Dkt. 11-1, p. 3.

13        The evidence shows Plaintiff was aware of and took actions to remedy the alleged wrong-

14  doing when the claims accrued. She filed medical requests and grievances complaining of the

15  alleged violations, she visited the law library, and she contacted attorneys. Based on the evidence

16  before the Court, the Court finds Plaintiff's assertions that she was unware of her legal claims at

17  the time of her alleged injury and lacked legal knowledge is not an extraordinary circumstance

18  entitling her to equitable tolling in this case. *See Johnson, Christenson, Viger Constructors, Inc.*

19  *v. Perry, Shelton, Walker & Assocs., PLLC*, 133 Wash. App. 1008 (2006) ("A mistaken

20  understanding of the law and reliance on opposing counsel's interpretation of the law is not an

21  extraordinary circumstance justifying an extension of time."); *Douchette v. Bethel Sch. Dist. No.*

22  *403*, 58 Wash. App. 824, 830 (1990), *aff'd as modified*, 117 Wash. 2d 805 (1991), *superseded on*

23  *other grounds by rule as stated in Stikes Woods Neighborhood Ass'n v. City of Lacey*, 124 Wash.

24

2d 459 (1994) (holding lack of knowledge of legal theories is not sufficient to extend statute of limitations); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (finding the "extraordinary circumstances" standard has never been satisfied by a petitioner's confusion or ignorance of the law alone).

Third, Plaintiff asserts she is entitled to tolling of the limitations period on her medical claims because Defendants lied to her and concealed the nature and extent of her injuries following the May 30, 2012 incident. Dkt. 11, p. 9. Plaintiff cites to case law regarding medical negligence claims. *See id*. The statute of limitations for medical negligence claims is tolled by proof of intentional concealment. *Cox v. Oasis Physical Therapy, PLLC*, 153 Wash. App. 176, 187 (2009) (citing RCW 4.16.350(3)). However, the provision requires more than just an alleged negligent act or omission; rather, the provision is aimed at conduct intended to prevent the discovery of negligence or the cause of action. *Id*.; *see Gunnier v. Yakima Heart Ctr., Inc.*, 134 Wash.2d 854, 867 (1998).

Here, the medical claims arising from the May 30, 2012 incident are related to Defendants' alleged deliberate indifference to Plaintiff's serious medical needs. Dkt. 5. There are no claims of medical negligence alleged in the Complaint. *See id*. Additionally, Plaintiff has provided only a conclusory allegation that Defendants lied about her injuries and refused to treat her. *See* Dkt. 11. There is no evidence Defendants' conduct was aimed at preventing the discovery of medical negligence or a cause of action. Therefore, the state law provision that allows equitable tolling where there is concealment in medical negligence claims is not applicable to Plaintiff's claims of deliberate indifference.

Furthermore, Plaintiff alleges that, on May 30, 2012, she was aware Defendants were transporting her incorrectly, aware she was in extreme pain following the incident, and aware

that she did not receive medical care following the incident. *See* Dkt. 5. Learning that her injuries were more severe than she was originally told by Defendants following the incident does not change the fact that she was aware, on May 30, 2012, Defendants had allegedly acted with deliberate indifference to her serious medical needs. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). Therefore, even if Defendants had intentionally concealed the severity of Plaintiff's injuries, Plaintiff has not shown she acted with due diligence in pursing this claim. As such, the Court finds any attempts to conceal the extent of Plaintiff's injuries from Plaintiff is not an extraordinary circumstance warranting equitable tolling in this case. *See Reichelt v. Johns-Manville Corp.*, 107 Wash. 2d 761, 772–73, (1987) (stating "[a] party must exercise reasonable diligence in pursuing a legal claim" and finding the plaintiff knew or should have known the essential elements of his claim, yet filed to file a timely claim).

For the above stated reasons, the Court finds Plaintiff has failed to show she is entitled to equitable or statutory tolling in this case.

### 3. Conclusion

The Court finds Claims 1-3, which arise from incidents occurring from February 12, 2012 through May 30, 2012 are barred by the statute of limitations. The Court also finds Plaintiff has not shown she is entitled to statutory or equitable tolling. Accordingly, the Court recommends the Motion be granted as to Claims 1-3 of the Complaint.

B. *Failure to State a Claim*

In the only timely filed claim, Claim 4 of the Complaint, Plaintiff alleges she blacked out and injured her arm on October 31, 2013, but did not receive treatment for her arm because she

was leaving WCCW that day. Dkt. 5, p. 22. Defendants contend Plaintiff has failed to state a claim upon which relief can be granted as to Claim 4. Dkt. 45.

Initially, Defendants assert Plaintiff was released from WCCW on October 30, 2013, and, therefore, Defendants could not have been deliberately indifferent for failing to treat Plaintiff on October 31, 2013. *See* Dkt. 45. As Plaintiff contends she injured her arm and did not get treatment because she was leaving WCCW that day (Dkt. 45, p. 22), viewing the facts in the light most favorable to Plaintiff, the Court assumes Plaintiff's Complaint contains a typographical error and the alleged incident raised in Claim 4 occurred on October 30, 2013.

Defendants also assert Plaintiff failed to state a claim upon which relief can be granted as to Claim 4 because Plaintiff did not allege any wrong-doing by a named Defendant. Dkt. 45. Plaintiff alleges only that "[s]he blacked out and when she arrived at the clinic, she was denied any treatment for a badly injured arm, because she was leaving that day." Dkt. 5, p. 22.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an

1  act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping

2  conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d

3  at 633.

4      Plaintiff alleges she was not given any treatment for a badly injured arm. Dkt. 5, p. 22.

5  Plaintiff, however, fails to state the alleged wrong-doing of any Defendant. Plaintiff does not

6  state any named Defendant was aware Plaintiff blacked out or aware that she injured her arm.

7  She also does not allege any named Defendant denied her medical care. Therefore, Plaintiff has

8  failed to allege facts showing Defendants were aware Plaintiff suffered from a serious medical

9  need and acted with deliberate indifference to that need.

10      Furthermore, undisputed medical records show Plaintiff was seen for wrist pain on

11  October 30, 2013. Dkt. 47, p. 20. Plaintiff was in the diabetic line and complained of left wrist

12  pain from hitting her wrist on a door. *Id*. Plaintiff had bruising on her wrist, but was able to

13  wiggle her fingers, move her forearm side to side, and move her hand up and down. *Id*. An ace

14  bandage was applied to Plaintiff's wrist and she was given an ice pack. *Id*. Therefore, contrary to

15  the Complaint, the undisputed medical records show Plaintiff received treatment for her wrist

16  pain on October 30, 2013.

17      As Plaintiff has failed to state any alleged wrong-doing by a Defendant, the Court finds

18  Plaintiff has failed to state a claim upon which relief can be granted. Additionally, the Court

19  finds the undisputed medical records show Plaintiff did receive treatment for wrist pain on

20  October 30, 2013. Accordingly, the Court recommends Claim 4 be dismissed.

21      C.    *Defendant DOC and Official Capacity Claims*

22      Defendants also argue Defendant DOC and all claims against Defendants in their official

23  capacity should be dismissed. Dkt. 45. The Court determined Claims 1-3 of the Complaint are

24  barred by the statute of limitations and determined Plaintiff failed to state a claim as to Claim 4.

1  Therefore, the Court declines to consider Defendants' arguments that the DOC and the claims
2  against Defendants in their official capacity should be dismissed.

3  **IV.   Conclusion**

4  The Court concludes Claims 1-3 are barred by the statute of limitations. The Court also
5  concludes Plaintiff has failed to state a claim upon which relief can be granted as to Claim 4.
6  Therefore, the Court recommends Defendants' Motion for Summary Judgment (Dkt. 45) be
7  granted and this case be closed.

8  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
9  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
10 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
11 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
12 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July
13 27, 2018, as noted in the caption.

14 Dated this 12th day of July, 2018.

David W. Christel
United States Magistrate Judge